Diana VAUGHN *v.* APS SERVICES, LLC;
Hartford Insurance Co.

CA 07–35                                   259 S.W.3d 470

Court of Appeals of Arkansas
Opinion delivered June 20, 2007

*Kenneth E. Buckner,* for appellant.

*Kilpatrick, Williams, Smith & Meeks, L.P.,* by: *Gene Williams,* for appellee.

JOSEPHINE LINKER HART, Judge.  Appellant, Diana Vaughan, argues that substantial evidence does not support the Arkan-

sas Workers' Compensation Commission's decision that she reached the end of her healing period no later than June 15, 2005, and was not entitled to temporary total disability compensation after that date. Because the Commission expressly relied on erroneous factual findings in reaching its decision, we must reverse and remand for the Commission to fully examine the relevant evidence presented in this case.

■ In order to be entitled to temporary total disability compensation, a claimant must prove by a preponderance of the evidence that she remains in her healing period and suffers a total incapacity to earn wages. *Ark. State Highway & Transp. v. Breshears*, 272 Ark. 244, 613 S.W.2d 392 (1981). Our statutes define "healing period" as "that period for healing of an injury resulting from an accident." Ark. Code Ann. § 11-9-102(12) (Supp. 2005). Before the Commission was the question of whether appellant remained in her healing period from an admittedly compensable injury she sustained on September 17, 1997, involving her neck, right shoulder, and right arm. The Commission, in a unanimous decision signed by Chairman Olan W. Reeves, Commissioner Shelby W. Turner, and Commissioner Karen H. McKinney, concluded that appellant reached the end of her healing period no later than June 15, 2005. In support of its decision, the Commission quoted in full and then relied on a medical record of the same date. As argued by appellant, we hold that the Commission erred in relying on this medical record in making its decision, as the medical record is not appellant's medical record.

The medical record, signed by Dr. William E. Ackerman, is accompanied by a letter from appellant's attorney to appellees' attorney, stating that "[e]nclosed is a note on another of my client's (identity obliterated to preserve confidentiality)." According to the letter, the medical record was sent to show that Dr. Ackerman, who also had treated appellant but who had left Arkansas, had intended to refer all of his patients with reflex sympathetic dystrophy (RSD) to a Dr. Amad. The letter indicated that appellant, who we note also had been assessed by Dr. Ackerman as having RSD, "simply fell through the cracks." The accompanying medical record is that of a patient whose complaint was pain in the left ankle — not, as in this case, an injury to the right upper extremity. The medical record indicates that a CAT scan was taken of the patient's ankle; that another physician had placed the patient at

maximum medical improvement; that the patient's RSD was stable; and that Dr. Ackerman recommended that the patient see a Dr. Amad, an expert in RSD, for medication refills.

Citing language from the medical record, the Commission concluded that "the preponderance of the evidence shows that [appellant] continued within her healing period from May 5, 2005, until June 15, 2005, at which point Dr. Ackerman pronounced her RSD condition had stabilized." It found that appellant "reached the end of her healing period no later than June 15, 2005."

■ Appellee argues that even if the irrelevant medical record is not considered, the Commission's opinion was supported by substantial evidence. But as in *Tucker v. Roberts-McNutt, Inc.*, 342 Ark. 511, 29 S.W.3d 706 (2000), the error is not that substantial evidence was not presented or considered. Rather, as in *Tucker*, the Commission failed to make a proper de novo review of the record, which resulted in it making erroneous factual findings upon which it expressly relied in reaching its decision, thus leaving this court to speculate concerning what evidence the Commission intended to rely on when making its decision. The Commission's erroneous factual findings require our reversal of its decision, and we remand this case to the Commission for its full examination of the relevant evidence presented.

Reversed and remanded.

GRIFFEN and GLOVER, JJ., agree.